**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CHEOLWNG LEE, individually and on behalf of others
similarly situated,

        Plaintiff,

    - against –

SKY WORLD COURIER EXPRESS, INC. d/b/a Sky World
Courier Express d/b/a Sky World Courier Expres,
SNS GLOBAL LOGISTIC INC. d/b/a Sky World Courier
Express d/b/a PSP Logistics NY d/b/a Sky World Courier
Expres, SEUNG JOON OH a/k/a Seungjoon Oh,
YOAN KIM a/k/a Yo Han Kim, and, BENJAMIN CHANG
a/k/a Benjamin Bong Chang a/k/a Bong Gu Chang,

        Defendants.

Case No.

**FLSA COLLETIVE ACTION**
**COMPLAINT**

**JURY TRIAL DEMANDED**

    Plaintiff  CHEOLWNG LEE, ("Plaintiff"), by and through his attorneys, Seo Law Group,

PLLC, upon his knowledge and belief, and as against SKY WORLD COURIER EXPRESS, INC.

d/b/a Sky World Courier Express d/b/a Sky World Courier Expres ("Corporate Defendant" or "Sky

World"),  SNS GLOBAL LOGISTIC INC. d/b/a Sky World Courier Express d/b/a PSP Logistics

NY d/b/a Sky World Courier Expres ("Corporate Defendant" or "SNS Global"), ("Sky World"

and "SNS Global" collectively referred to as "Sky World Courier Express"  or "Corporate

Defendants") and SEUNG JOON OH a/k/a Seungjoon Oh,  YOAN KIM a/k/a Yo Han Kim, and,

BENJAMIN  CHANG  a/k/a  Benjamin  Bong  Chang  a/k/a  Bong  Gu  Chang  (collectively,

"Individual Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

    1.  Plaintiff brings this action on behalf of himself and similarly situated current and

former employees who work(ed) as a courier at Sky World Courier Express alleging violations of

the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") for various willful and unlawful employment policies, patterns, and/or practices.

2.      Sky World Courier Express operate as a courier company that primarily provide courier services to customers throughout New York and New Jersey. Sky World Courier Express are responsible for collecting the customers' items and packages at John F. Kennedy International Airport ("JFK"), sorting out parcels based on their destinations, and delivering the items and packages to the customers' desired locations.

3.      Sky World Courier Express paid Plaintiff and other similarly situated and former couriers pursuant to a similar, if not the same, compensation structure.

4.      Defendants classified Plaintiff, and other similarly situated and former couriers, as non-exempt from minimum wage and overtime.

5.      Plaintiff, and other similarly situated and former couriers, worked broadly as "couriers" and were assigned various tasks at the will and pleasure of the employer to accomplish tasks as the employer saw fit from day to day, meaning that they generally serve local customers.

6.      This lawsuit is a collective action brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and supporting New York State Department of Labor Regulations that seeks to recover minimum wage, overtime compensation, and spread of hours premium that Defendants improperly withheld from Plaintiff, and damages for Defendants' failure to provide Plaintiff with Wage Theft Protection Act ("WTPA") statements and notices.

7.      Defendants have deprived Plaintiff and other similarly situated current and former employees of minimum wage and overtime compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

8.      Defendants have deprived Plaintiff and other similarly situated current and former employees of minimum wages, overtime compensation, spread of hours premium, and the wages that they were entitled to receive but did not receive in violation of the NYLL.

9.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wage, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and attorneys' fees and costs.

10.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wage, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day his work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

11.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

12.     Upon information and belief based on information provided by Plaintiff, who is or was an employee of Defendants Sky World Courier Express are enterprises whose gross volume of sales made, or business done, each is in excess of $500,000. Specifically, upon information and belief, based on information provided by Plaintiff, Sky World Courier Express are one of the five biggest courier companies that maintain multiple branch offices throughout the U.S. and regularly receive out-of-country customers' orders from all over the world, including South Korea. As such,

3

based on Plaintiff's personal knowledge of Defendants' business, as well as upon information and belief, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

13.     Upon information and belief as well as first-hand knowledge of Plaintiff, Sky World Courier Express each regularly purchase goods and materials in interstate commerce, purchase and maintain automobile(s), and Plaintiff regularly handled such goods. Specifically, Defendants require their courier employees to handle their customers' packages and/or items shipped from different countries to their U.S. Branch offices, including their NY Branch offices located at 147-60 175th Street, Suite #3, Jamaica, NY 11434 and 42-14 192nd Street, Flushing, NY 11358.

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate within this district. Further, Plaintiff was employed by Defendants in this district.

**THE PARTIES**

***Plaintiff***

***Plaintiff Cheolwng Lee ("Plaintiff")***

15.     Plaintiff is an adult individual residing in Queens County, New York.

16.     Plaintiff was employed by Defendants at Sky World Courier Express as a courier service employee from approximately January 27, 2019 until February 21, 2025.

17.     The consent to sue form for the Plaintiff is attached hereto as **Exhibit A.**

***Defendants***

4

*Sky World Courier Express, Inc. d/b/a Sky World Courier Express d/b/a Sky World Courier*

*Expres (is believed to be a parent/successor corporation of SNS Global Logistic Inc. or a joint*

*employer with SNS Global Logistic Inc., or both)*

18.    The Corporate Defendant, Sky World Courier Express, Inc. is a domestic business corporation and existing under the laws of the State of New York with a Service of Process address at 147-39 175th Street R-103C, Jamaica, NY, United States, 11434 in the New York Department of State record.

19.    Upon information and belief, Sky World Courier Express, Inc. operates a courier company under the business name of Sky World Courier Express, Sky World Courier Expres, SNS Global Logistic Inc., and/or PSP Logistics NY.

20.    Upon information and belief, Sky World Courier Express, Inc. maintains several branch offices and/or warehouses located at:

   a.  147-60 175th Street, Suite #3, Jamaica, New York 11434 ("NY Branch" or "New York Former Branch");

   b.  42-14 192nd Street, Flushing, New York 11358 ("NY Branch" or "New York Current Branch"); and,

   c.  55 Triangle Blvd., Carlstadt, NJ 07072 ("NJ Warehouse").

21.    Upon information and belief, Sky World maintained and continues to maintain a parking space to maintain a commercial automobile with Plate No. 57808 MM (hereafter, the "van") near the NY Branch(es) located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358.

22.    Upon information and belief, Sky World owns and utilizes the van reflected the d/b/a name of "SNS Global Logistics Inc" with the address specified as "147-60 175th ST #3,

5

Jamaica, NY 11434," and telephone number "718-244-6012" on the outer body of the van as a business inventory.

23.     Upon information and belief, Sky World Courier Express, Inc. was incorporated on July 8, 2003 according to the New York Department of State Division of Corporations' Entity Information.

24.     Upon information and belief, Defendant, Sky World Courier Express, Inc., is either the successor corporation of SNS Global Logistic Inc. or was a co-operator of Sky World Courier Express's NY Branches located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358, together with SNS Global Logistic Inc.

25.     Upon information and belief, Defendant, Sky World Courier Express, Inc., is either the successor corporation of SNS Global Logistic Inc. or was a co-operator of Sky World Courier Express' NY Branches located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358, together with SNS Global Logistic Inc.

26.     Upon information and belief, Defendant, Sky World Courier Express, Inc. issues its employees' IRS tax form W-2 under the name of SNS Global Logistic Inc.

27.     Upon information and belief, Sky World Courier Express, Inc. is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and it has each had annual gross volume sales of not less than $500,000.

28.     Sky World Courier Express, Inc. is an "employer" within the meaning of the FLSA 29 U.S.C § 203 (d) and the New York State Labor Law ("NYLL") § 2, 190, and/or 651 that runs and profits from a business operation as courier service company based at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358.

*SNS Global Logistic Inc. d/b/a Sky World Courier Express d/b/a PSP Logistics NY d/b/a Sky World Courier Expres* *(is believed to be a parent/successor corporation of Sky World Courier Express, Inc. or a joint employer with Sky World Courier Express, Inc., or both)*

29.     The Corporate Defendant, SNS Global Logistic Inc. (also referred to as "SNS Global") is a domestic business corporation and existing under the laws of the State of New York with a Service of Process address at 147-60 175th Street, Suite 3, Jamaica, NY, United States, 11434 in the New York Department of State record.

30.     Upon information and belief, SNS Global Logistic Inc. operates a courier company under the business name of Sky World Courier Express, PSP Logistics NY, and/or Sky World Courier Expres.

31.     Upon information and belief, SNS Global maintains several offices and/or warehouses located at:

     a. 147-60 175th Street, Suite #3, Jamaica, New York 11434 ("NY Branch" or "New York Former Branch");

     b. 42-14 192nd Street, Flushing, New York 11358 ("NY Branch" or "New York Current Branch"); and,

     c. 55 Triangle Blvd., Carlstadt, NJ 07072 ("NJ Warehouse").

32.     Upon information and belief, SNS Global maintained and continues to maintain a parking space to maintain a commercial automobile, 2023 Ford Suburban with Plate No. LGD6416

7

(hereafter, the "van") near the New York Current Branch located at 42-14 192nd Street, Flushing, New York 11358.

33.    Upon information and belief, SNS Global owns and utilizes the 2023 Ford Suburban with License Plate No. LGD6416 and registered the van under the name of "SNS Global Logistic Inc" addressed at 4214 192nd St., Flushing NY 11358, according to the New York State Registration Document.

34.    Upon information and belief, SNS Global Logistic Inc. was incorporated on November 8, 2013, according to the New York Department of State Division of Corporations' Entity Information.

35.    Upon information and belief, Defendant, SNS Global Logistic Inc., is either the successor corporation of Sky World Courier Express, Inc. or was a co-operator of Sky World Courier Express, Inc.'s New Your Branch(es) located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358, together with Sky World Courier Express, Inc.

36.    Upon information and belief, Defendant, SNS Global Logistic Inc. jointly hires Sky World Courier Express' employees and paid the employees with SNS Global Logistic Inc.'s company checks.

37.    Upon information and belief, SNS Global Logistic Inc. is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been

8

moved in or produced for interstate commerce by any person; and it has each had annual gross volume sales of not less than $500,000.

38.    SNS Global Logistic Inc. is an "employer" within the meaning of the FLSA 29 U.S.C § 203 (d) and the New York State Labor Law ("NYLL") § 2, 190, and/or 651 that runs and profits from a business operation as courier service company based at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358.

39.    Upon information and belief, Sky World Courier Express, Inc. and SNS Global Logistic Inc. utilize the same van(s) (e.g., a commercial automobile with Plate No. 57808 MM and/or the 2023 Ford Suburban with License Plate No. LGD6416 and require their courier service employee(s) to perform their duties as Sky World Courier Express' courier service employees.

***Defendant Seung Joon Oh a/k/a Seungjoon Oh ("Defendant Oh")***

40.    Upon information and belief, Defendant *Seung Joon Oh a/k/a Seungjoon Oh* (hereafter, "Defendant Oh") is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and he is sued individually. Defendant Oh has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Oh has a prominent role in the setting of salaries for Sky World Courier Express' employees and hires and fires Sky World Courier Express' employees.

41.    Upon information and belief, Defendant Oh has ownership interest in the Corporate Defendants, and he is the CEO and general supervisor of all his employees and the employees of the Sky World Courier Express.

42.     Specifically, Defendant Oh is registered as the CEO of SNS Global Logistic Inc. with the address registered at 52 Southwood Circle, Syosset, NY United States, 11791, according to the New York State Department of State Division of Corporations' Entity Information.

43.     Upon information and belief, Defendant Oh controls all of Sky World Courier Express' Branch offices and supervises Sky World Courier Express' employees primarily at the NY Branch offices located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358, as well as at the NJ Warehouse located at 55 Triangle Blvd., Carlstadt, NJ 07072 as needed.

44.     Defendant Oh is known to Plaintiff as the "president" of Sky World Courier Express.

45.     Defendant Oh is known to Plaintiff to be Defendant Yoan Kim's direct "boss" and exercised direct supervisory authority over Plaintiff, together with Defendants Yoan Kim and Benjamin Chang, while working at Sky World Courier Express.

46.     Upon information and belief, Defendant Oh manages all aspects of the Corporate Defendants' finances including handling their employees' payroll together with Defendants Yoan Kim and Benjamin Chang.

47.     Upon information and belief, Defendant Oh is a signatory of Sky World Courier Express' business account(s).

***Defendant Yoan Kim a/k/a Yo Han Kim ("Defendant Kim")***

48.     Upon information and belief, Defendant Yoan Kim (hereafter, "Defendant Kim") is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and he is sued individually. Defendant Kim has possessed and exercised operational control over Defendant Corporations, for example, he has at

times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Kim has a prominent role in the setting of salaries for Sky World Courier Express' employees and hires and fires Sky World Courier Express' employees.

49. Upon information and belief, Defendant Kim has ownership interest in the Corporate Defendants, and he is the owner and supervisor of all his employees and the employees of Sky World Courier Express at the NY Branch offices located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358.

50. Upon information and belief, Defendant Kim operates Sky World Courier Express under the title of the "New York Branch's General Manager" and/or "Director of the New York Branch Office" and directly controls and supervises Sky World Courier Express' employees at the NY Branch offices.

51. Defendant Kim is known to Plaintiff as the "person in charge" of Sky World Courier Express' NY Branch offices located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358.

52. Defendant Kim is known to Plaintiff to be Defendant Oh's "right-hand man" and exercised direct supervisory authority over Plaintiff, together with Defendants Oh and Chang, at Sky World Courier Express.

53. Upon information and belief, Defendant Kim manages all aspects of the Corporate Defendants' finances including handling their employees' payroll together with Defendants Oh and Chang.

54. Upon information and belief, Defendant Kim is a signatory of the Corporate

Defendants Sky World Courier Express' business account(s), together with Defendants Oh and Chang.

55.     Defendant Kim was the one who delivered Plaintiff's paychecks generally on Fridays, after Plaintiff returned the van to Sky World Courier Express and parked the van near Sky World Courier Express' NY Branch offices located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 or 42-14 192nd Street, Flushing, New York 11358.

***Defendant Benjamin Chang a/k/a Benjamin Bong Chang a/k/a Bong Gu Chang ("Defendant Chang")***

56.     Upon information and belief, Defendant Benjamin Chang (hereafter, "Defendant Chang") is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and he is sued individually. Defendant Chang has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Chang has a prominent role in the setting of salaries for Sky World Courier Express' employees and hires and fires Sky World Courier Express' employees.

57.     Upon information and belief, Defendant Chang has ownership interest in the Corporate Defendants, and he is the owner and supervisor of all his employees and the employees of Sky World Courier Express at the NY Branch offices located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358.

58.     Upon information and belief, Defendant Chang operates Sky World Courier Express under the title of "Associate Director of the New York Branch Office" and directly

controls and supervises Sky World Courier Express' employees at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358.

59.    Defendant Chang is known to Plaintiff to be the "Front Line Manager" at Sky World Courier Express who directly reports to Defendants Oh, through Defendant Kim and exercised direct supervisory authority over Plaintiff, together with Defendants Oh and Kim, at Sky World Courier Express.

60.    Upon information and belief, Defendant Chang directly manages all aspects of the Corporate Defendants' finances, including handling their employees' payroll together with Defendants Oh and Kim.

61.    Upon information and belief, Defendant Chang is a signatory of the Corporate Defendants Sky World Courier Express' business account(s), together with Defendants Oh and Kim.

62.    Upon information and belief, Defendant Chang was in charge of directly supervising all of Sky World Courier Express' courier service employees, including Plaintiff, throughout Plaintiff's employment at Sky World Courier Express.

63.    Plaintiff was "employee" of Individual Defendants Oh, Kim, and Chang within the meaning of 29 U.S.C § 203 (e)(1) and NYLL § 190(2).

64.    Plaintiff was "employee" of Corporate Defendants Sky World Courier Express, within the meaning of 29 U.S.C § 203 (e)(1) and NYLL § 190(2).

65.    Defendants Oh, Kim, and Chang and Corporate Defendants Sky World Courier Express, through Individual Defendants, controlled the hours, the task assignments and the overall work associated with Plaintiff's work that he performed during his employment with Defendants.

66.     Defendants Oh, Kim, and Chang, and Corporate Defendants Sky World Courier Express, through Individual Defendants, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

67.     Defendants operate a courier service business(es) where the Plaintiff worked. At all relevant times, Individual Defendants Oh, Kim, and Chang possess or possessed operational control over Corporate Defendants Sky World Courier Express; possess or possessed an ownership interest in Corporate Defendants Sky World Courier Express; and control or controlled significant functions of Corporate Defendants Sky World Courier Express.

68.     Corporate Defendants Sky World Courier Express and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

69.     At relevant times, Corporate Defendants Sky World Courier Express possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

70.     Corporate Defendants Sky World Courier Express employed Plaintiff, and all similarly situated individuals, and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

14

71. In the alternative, Sky World Courier Express, Inc. and SNS Global Logistic Inc. constitute a single employer of Plaintiff and/or similarly situated individuals, as the corporate divisions between the corporations and/or its Branch offices are fictional.

72. Upon information and belief, Individual Defendants operate Corporate Defendants Sky World Courier Express as either an alter ego of themselves and/or fail to operate Corporate Defendants as an entity legally separate and apart from themselves, by among other things:

a. failing to adhere to the corporate formalities necessary to operate Corporate Defendants as Corporations;

b. defectively forming or maintaining the corporate entity of Corporate Defendants, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants and Sky World Courier Express and their Branch offices/warehouses;

d. sharing the same trade name(s) "Sky World Courier Express," "Sky World Courier Expres," "SNS Global Logistic Inc," and/or "PSP Logistics NY";

e. sharing the same trade name "SNS Global Logistic Inc" displaying on their business inventory;

f. maintaining centralized labor relations, human resources, and employment policies of the Corporate Defendants that are formulated by Individual Defendants;

g. interchanging supplies, equipment, vehicles, and employees between the Corporate Defendants' different worksite, Branch and/or warehouse locations;

15

h.  operating Corporate Defendants for his/their own benefit as the sole or majority shareholders;

i.  operating Corporate Defendants for his/their own benefit and maintaining control over these corporations as a close corporation;

j.  intermingling assets and debts of his/their own with Corporate Defendants;

k.  diminishing and/or transferring assets of Corporate Defendants to avoid full liability as necessary to protect their own interests; and,

l.  Other actions evincing a failure to adhere to the corporate form.

73.  At all relevant times, Individual Defendants were Plaintiff's employers within the meaning of the FLSA, NYLL and other law.

74.  Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

75.  Individual Defendants supervised Plaintiff's work schedules and conditions of his employment.

76.  Individual Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

77.  Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

### *Plaintiff Cheolwng Lee*

78.  Plaintiff was employed by Defendants at Sky World Courier Express as a courier service employee from approximately January 27, 2019 until February 21, 2025.

79.  Defendants committed the following alleged acts knowingly, intentionally and

16

willfully.

80.     Defendants knew that the nonpayment wages of Plaintiff and the Collective Action Members would economically injure them and violated federal and state laws.

81.     Upon information and belief, Sky World Courier Express have or had at least two (2) courier employees working at each of Sky World Courier Express' Branch offices and/or warehouses.

82.     During Plaintiff's employment, he specifically worked for Sky World Courier Express' NY Branch offices located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358.

83.     Plaintiff's duties were as follows:

   a.  Receiving a list of Sky World Courier Express' customers' orders;

   b.  Picking up Sky World Courier Express' automobile(s) (e.g., the "van") at the designated parking area(s) near the New York Branch offices located at 147-60 175th Street, Suite #3, Jamaica, New York 11434 and 42-14 192nd Street, Flushing, New York 11358;

   c.  Driving the van to JFK airport;

   d.  Waiting for the packages and/or items at the airport until they arrive;

   e.  Sorting out the packages and/or items at JFK or the New York Branch offices;

   f.  Driving the van and making deliveries of the packages and/or items to Sky World Courier Express customers' designated locations;

   g.  Communicating with Sky World Courier Express' customers to address the customers' concerns as to the status of the delivery and/or sending pictures of the packages and/or items reflecting the location of the delivery as needed;

h. Traveling to Sky World Courier Express' Branches and warehouses and dropping off the packages and/or items reflecting the completion of the customers' orders for the day;

i. Driving back to Sky World Courier Express' parking area and dropping off the van near the NY Branch offices; and,

j. Running errands for Defendant Oh and transferring his personal items and/or Sky World Courier Express employees' paychecks from the NJ Warehouse and to NY Branch offices and vice versa, as needed.

84. Plaintiff learned of the job opportunity with Sky World Courier Express from Hey Korean's website.

85. Upon information and belief, Sky World Courier Express posted a job opening to hire an "administrative office worker" to work at Sky World Courier Express located at 147-60 175th Street, Suite 3, Jamaica, New York 11434.

86. After Plaintiff learned of the job opportunity with Sky World Courier Express, he reached out to Defendant Kim, and Defendant Kim conducted Plaintiff's interview.

87. Defendant Kim represented himself as the "New York Branch's General Manager" and/or "Director of the New York Branch Office" to Plaintiff and informed Defendants' decision to hire Plaintiff to work at Sky World Courier Express.

88. Although Plaintiff applied for Sky World Courier Express' "administrative office worker" position, Defendants required Plaintiff to work as a courier service employee throughout Plaintiff's employment.

89. Approximately from January 27, 2019 until in or around August 2023, Plaintiff was required to work for Sky World Courier Express' New York *Former* Branch located at 147-60 175th Street, Suite 3, Jamaica, New York 11434.

90. While Sky World Courier Express was maintaining their NY Branch in Jamaica, Plaintiff was required to pick up and drop off the van maintained near the NY Branch office located at 147-60 175th Street, Suite 3, Jamaica, New York 11434.

91. Thereafter, Sky World Courier Express moved their NY Branch to a different location, addressed at 42-14 192nd Street, Flushing, New York 11358 and required Plaintiff to work at and report to t Sky World Courier Express' New York *New* Branch.

92. After Sky World Courier Express moved its New York *Former* Branch to Flushing, Defendants required Plaintiff to pick up and drop off the van maintained near New York *New* Branch located at 42-14 192nd Street, Flushing, New York 11358.

93. Upon information and belief, Individual Defendants Oh, Kim, and Chang primarily worked at the NY Branch offices and continuously managed and supervised Sky World Courier Express' employees at the NY Branch offices.

94. Upon information and belief, whenever Defendant Oh was not present at the NY Branch(es), Defendant Kim exercised sole discretion make important business decisions on behalf of Sky World Courier Express.

95. Upon information and belief, Defendant Kim set Plaintiff's rate of pay, together with Defendants Oh and Chang.

96. During Plaintiff's employment, he was required to directly report to Defendant Chang each time that Sky World Courier Express customers' packages and/or items did not arrive at JFK until 4:00 pm or 4:30 pm.

97.    During Plaintiff's employment, from approximately January 27, 2019 until February 21, 2025, Sky World Courier Express required Plaintiff to pick up the van at the designated locations, drive to JFK and wait for the customers' packages and/or items to arrive, deliver the packages and/or items to the customers' designated locations, drop off the van at the NY Branch(es), and run errands for Defendant Oh as needed.

98.    Throughout Plaintiff's employment at Sky World Courier Express, Plaintiff generally worked from 7:30 am until as late as 9:30 pm for five (5) days per week from Monday through Friday between ten (10) and fourteen (14) hours each day and approximately fifty (50) to seventy (70) hours per week.

99.    Defendants generally paid Plaintiff on a bi-weekly basis in the fixed amount(s) of $1,293.00 [from January 2019 until October 2019]; $1,393.00 [from November 2019 until December 2021]; $1,461.00 [from January 2022 until December 2022]; $1,653.00 [from January 2023 until December 2023]; $1,739.00 from [January 2024 until December 2024]; and $1,816.00 since January 2025, regardless of how many hours Plaintiff actually worked.

100.    On a few occasions, Defendants paid Plaintiff once a month with a paycheck that doubled Plaintiff's usual bi-weekly compensation.

101.    While Plaintiff was working at Sky World Courier Express, Plaintiff received one or two checks issued by the Corporate Defendants. Defendants arbitrarily allocated a portion of Plaintiff's compensation in two checks, each issued by Sky World Courier Express, Inc. and SNS Global Logistic Inc. and paid Plaintiff on the same day.

102.    Specifically, since in or after October 2024, Defendants allocated $758.00 to be paid by SNS Global Logistic Inc. and the rest of Plaintiff's compensation to be paid by SKY World Courier Express, Inc.

103.    Throughout Plaintiff's employments, Defendants never informed Plaintiff as to how they calculated his compensation.

104.    Defendants never informed Plaintiff of the reason why they allocated Plaintiff's compensation to each of the Corporate Defendants' bank checks.

105.    Defendants did not permit, nor did they require Plaintiff record how many hours that he actually worked throughout his employment at Sky World Courier Express, except for the "trial period" that Sky World Courier Express required Plaintiff to record a portion of his working hours for approximately three (3) months in mid-2019.

106.    Defendants did not pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowance for each day Plaintiff's spread of hours exceeded ten hours.

107.    Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as a "professional," "executive" or even "administrative" position, as Plaintiff's employment for Defendants was physical labor.

108.    Plaintiff regularly handled goods in interstate commerce, such as handling customers' packages/items and other business inventory that were produced outside of the State of New York.

109.    Plaintiff's work duties required neither discretion nor independent judgment.

110.    At all relevant times hereto, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff's, all other similarly situated individuals', lawfully earned wages.

111.    Defendants unlawfully failed to pay Plaintiff' and other similarly situated courier service employees' minimum wage, overtime compensation, and spread of hours premium.

112.    Plaintiff was not able to hire or fire for Defendants, nor recommend hiring or firing.

113.    Plaintiff did not supervise any of Sky World Courier Express' employees at any time during his employment at Sky World Courier Express.

114.    Defendants committed the foregoing acts against Plaintiff and the Collective Action Members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

115.    Plaintiff brings the claims, Count I and Count II, as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all courier service employees employed by Defendants SKY WORLD COURIER EXPRESS, INC. d/b/a Sky World Courier Express d/b/a Sky World Courier Expres and SNS GLOBAL LOGISTIC INC. d/b/a Sky World Courier Express d/b/a PSP Logistics NY d/b/a Sky World Courier Express, on or after the date that is three years before filing of the Complaint in this case as defined herein (the "Collective Action Members").

116.    At all relevant times, Plaintiff and the other Collective Action Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining their earned wages. The claims of Plaintiff stated herein are essentially the same as those of the other Collective Action Members.

117.    Count I and Count II of Plaintiff's claims are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The Collective Action Members are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the Collective Action Members via first class mail to the last address known to Defendants

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage]

118.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

119.    At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

120.    At all times relevant, Defendants have been employers of Plaintiff and engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

121.    Defendants have failed to pay Plaintiff minimum wages entitled to under FLSA.

122.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

123.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

124.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

125.    Due to Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### COUNT II
### [Violations of the Fair Labor Standards Act—Overtime Wage]

126.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

127.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

128.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

129.    Defendants have failed to pay Plaintiff's premium overtime wages to which they are entitled under the FLSA at the rate of time and one-half for all hours worked in excess of 40 hours per week.

130.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

131.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff's.

132.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

133.    As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be

determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT III
### [Violation of New York Labor Law—Minimum Wage]

134. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

135. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

136. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

137. Defendants have failed to pay Plaintiff the minimum wages due and owing under the NYLL and the supporting New York State Department of Labor Regulations.

138. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, Defendants have willfully violated the NYLL, Article 19, NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

139. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

140. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

141. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

142. Defendants have failed to pay Plaintiff premium overtime wages due and owing under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

143. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

144. Due to Defendants' willful violations of the NYLL, Plaintiff id entitled to recover from Defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V
### [Violation of New York Labor Law—Spread of Hour Pay]

145. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

146. Defendants regularly and knowingly required Plaintiff work for a spread of hours equal to, or greater than, ten (10) hours per day.

147. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at the basic minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

148. Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages originating from the spread of

hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## COUNT VI
### [Violation of New York Labor Law—Wage Notices]

149.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

150.    Defendants have willfully failed to supply Plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1),  in English, or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191;  the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

151.    Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

152.    Due to defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## COUNT VII
### [Violation of New York Labor Law—Wage Statements]

153.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

154. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

155. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

156. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198-1(d).

### **Prayer for Relief**

WHEREFORE, Plaintiff requests that this Court enter a judgment:

a)  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

b)  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c)    Designation of Plaintiff as a Representative of the Collective Action Members;

d)    An order declaring that the Defendants violated the FLSA;

e)    An order declaring that the Defendants violations of the FLSA were willful;

f)    An order declaring that the Defendants violated the NYLL;

g)    An order declaring that the Defendants' violations of the NYLL were willful;

h)    An award of minimum wage compensation under the NYLL;

i)    An award of overtime compensation under the NYLL;

j)    An award of spread of hours premium under the NYLL;

k)    An award of damages pursuant to New York Labor Law §§ 195(1), (3), and 198;

l)    An award of Plaintiff's compensatory damages, including all unpaid wages owed in an amount according to proof;

m)    An award of Plaintiff's liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

n)    An award of Plaintiff's pre-judgment and post-judgment interest under the FLSA and the NYLL;

o)    Granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

p)    An award of Plaintiff's reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and,

q)    Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.


Dated:  Flushing, New York                    **SEO LAW GROUP, PLLC**
       March 11, 2025

                  By:    */s/ Diana Seo*_____
                      Diana Seo, Esq.
                      136-68 Roosevelt Ave., Suite 726
                      Flushing, New York 11354
                      Telephone: (718) 500-3340
                      Email: diana@seolawgroup.com
                      *Attorneys for Plaintiff*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

To: Seung Joon Oh

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Cheolwng Lee intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Sky World Courier Express, Inc. and SNS Global Logistic Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them or the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: March 11, 2025

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

To: Yoan Kim

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Cheolwng Lee intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Sky World Courier Express, Inc. and SNS Global Logistic Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them or the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: March 11, 2025

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

To: Benjamin Chang

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Cheolwng Lee intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Sky World Courier Express, Inc. and SNS Global Logistic Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them or the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: March 11, 2025

**DEMAND BY EMPLOYEES TO INSPECT BOOKS, RECORDS, AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

Sky World Courier Express, Inc.
147-39 175th Street R-103C
Jamaica, NY 11434

Sky World Courier Express, Inc.
42-14 192nd Street
Flushing, NY 11358

PLEASE TAKE NOTICE, that Cheolwng Lee pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as laborer, servant and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

To the extent that the above corporation keeps and maintains the predecessor corporation(s)' archival records, it is subject to this request and must not be destroyed.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: March 11, 2025

**DEMAND BY EMPLOYEES TO INSPECT BOOKS, RECORDS, AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

SNS Global Logistic Inc.
147-60 175th Street, Suite 3
Jamaica, NY 11434

SNS Global Logistic Inc.
42-14 192nd Street
Flushing, NY 11358

PLEASE TAKE NOTICE, that Cheolwng Lee pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as laborer, servant and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

To the extent that the above corporation keeps and maintains the predecessor corporation(s)' archival records, it is subject to this request and must not be destroyed.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: March 11, 2025

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Dated: March 11, 2025

**EXHIBIT A**

## CONSENT TO SUE
## UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by <u>Sky World Courier Express, Inc. and SNS Global Logistic Inc.</u> and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Continent Fee retainer signed by the named plaintiff in this case.

Cheolwng Lee
Full Legal Name

Signature

3/5/25
Date