UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHEWLWNG LEE, individually and on behalf of others similarly situated,

        Plaintiff,

-against-

SKY WORLD COURIER EXPRESS, INC. d/b/a Sky World Courier Express d/b/a Sky World Courier Express, SNS GLOBAL LOGISTIC INC. d/b/a Sky World Courier Express d/b/a PSP Logistics NY d/b/a Sky World Courier Express, SEUNG JOON OH a/k/a Seungjoon Oh, YOAN KIM a/k/a Yo Han Kim, and, BENJAMIN CHANG a/k/a Benjamin Bong Chang a/k/a Bong Gu Chang,

        Defendants.

Case 1:25-cv-01393

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants—SKY WORLD COURIER EXPRESS, INC. d/b/a Sky World Courier Express d/b/a Sky World Courier Express, SNS GLOBAL LOGISTIC INC. d/b/a Sky World Courier Express d/b/a PSP Logistics NY d/b/a Sky World Courier Express, SEUNG JOON OH a/k/a Seungjoon Oh, YOAN KIM a/k/a Yo Han Kim, and, BENJAMIN CHANG a/k/a Benjamin Bong Chang a/k/a Bong Gu Chang—by and through their attorneys, Sacco & Fillas LLP, hereby submit their answer and Defenses to Plaintiff's Complaint as follows:

Upon information and belief, Defendants deny allegations in the following paragraphs of the complaint and refer all questions of law to this Honorable Court: 1, 3, 4, 5, 7, 8, 9, 10, 18 – 26, 28 – 30, 35, 37, 38, 45, 46,  48, 49, 51 – 54, 56 – 61, 63, 64, 65, 66, 67, 68, 71, 72, 73, 75 – 77, 79, 80, 83, 85, 87, 90, 92, 94, 95, 97 – 107, 111,  115 – 117, 119 – 125, 127 – 133, 135 – 139, 141 – 144, 146 – 148, 150 – 152, 154 – 156.

Defendants deny knowledge or information sufficient to form a belief and upon information and belief deny the allegations in the following paragraphs of the complaint and refer all questions of law to this Honorable Court in the following paragraphs of the complaint: 2, 6, 11, 12, 13, 14, 15, 16, 17, 27, 31 – 34, 36, 39 – 44, 47, 50, 55, 62, 69, 70, 74, 78, 81, 82, 84, 86, 88, 89, 91, 93, 96, 108 - 110, 112 - 114.

Defendants restate and incorporate by reference all responses as set forth herein in response to the following paragraphs of the complaint: 118, 126, 134, 140, 145, 149, 153.

## AFFIRMATIVE AND OTHER DEFENSES

1. In asserting these defenses, Defendants do not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. Given the fact that this case has not been certified as a collective or class action, Defendants do not yet know which individuals, if any, may subsequently attempt to join this lawsuit. Thus, the term "Plaintiff," as used below, refers to any and all current and future Plaintiffs in this lawsuit, including Jeff Boyd and any additional named plaintiffs, opt-in plaintiffs, and class members. As a matter of due process, if additional Plaintiffs join the lawsuit, Defendants should be afforded the right to assert additional defenses and counter claims prior to the close of discovery. In addition, Defendants reserve the right to assert additional defenses and counter claims as facts are discovered during the course of its investigation into the allegations made in this lawsuit.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. The Court lacks subject matter jurisdiction over the state law claims.

4. This case cannot be maintained as a class action because Plaintiff fails to meet the requirements of FRCP 23 and/or the New York CPLR § 901.

5. This case may not be maintained as a collective action because Plaintiff is not similarly situated to the persons whom he purports to represent.

6. Plaintiff and/or his counsel are not adequate representatives of the class or collective. In addition, a conflict exists between Plaintiff and the persons whom he purports to represent.

7. Defendants are not an "employer" or "joint employer" of Plaintiff. Likewise, Defendants are not part of any joint enterprise that employed Plaintiff. Therefore, Defendants cannot be held liable for any of the claims asserted by Plaintiff.

8. Plaintiff lacks standing or is otherwise not entitled to bring, maintain, or participate in a collective or class action.

9. Plaintiff is exempt from the FLSA and NYLL, pursuant to the executive and administrative exemptions, and the motor carrier exemption among others.

10. To the extent that Defendants engaged in any acts or omissions found to be in violation of the law, such acts or omissions were not willful. Therefore, the statute of limitations is limited to two years.

11. Plaintiff has received full payment for all work performed. Therefore, Plaintiffs claim is moot.

12. Without admitting any wrongful conduct by Defendants, if any back wages are owed to Plaintiff, such wages must be calculated at the rate of one-half of his regular rate of pay.

13. To the extent Plaintiff is deemed to be entitled to any relief, Defendants are entitled to an offset based on the paid meal period and/or other paid break time during which Plaintiff performed no work.

14. Plaintiffs claims for overtime are barred to the extent that they are based on noncompensable activities, including pre- and post-liminary activities and/or *de minimis* activities.

15. Plaintiffs claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent, investigate, and promptly correct any violations of law or its payroll policies, and Plaintiff unreasonably failed to avail himself of these preventive and corrective opportunities or otherwise to avoid harm.

16. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

17. Plaintiffs claims may be barred, in whole or in part, by the doctrine of judicial estoppel. Specifically, if Plaintiff made or makes representations in a court of law that are inconsistent with his representations to this Court, then his claims may be barred by the doctrine of judicial estoppel.

18. Plaintiffs claims are barred by the doctrine of *res judicata* and/or collateral estoppel if Plaintiff has asserted in any prior legal or administrative proceeding that he was entitled to any additional payment to which he claims he is entitled in this lawsuit.

19. Plaintiffs claims are barred to the extent that there is/are currently other action(s) pending on the same claims.

20. Defendants state, in the alternative, if necessary, that its actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on one or more written administrative regulations, orders, ruling approvals, interpretations, and/or administrative practices or policies pursuant to the FLSA and NYLL.

21. Defendant's acts or omissions were in good faith and Defendant had reasonable grounds for believing that its acts or omissions were not a violation of the law. Pleading in the alternative, Plaintiff cannot recover both liquidated damages and pre-judgment interest because those forms of relief are duplicative of each other.

22. Any claim for liquidated damages, or any other penalty or minimum measure of recovery is barred and prohibited by CPLR 901(b).

23. Defendants reserve their rights to seek leave to amend their Answer and/or raise additional defenses as may be discovered during the course of this litigation, or pursue any available counterclaims against Plaintiff based on facts learned during this litigation.

## **CONCLUSION**

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in its favor against Plaintiff as follows:

1.  Dismissing the Complaint in its entirety on the merits;

2.  Granting Defendants the cost and expenses of this action, including attorneys' fees; and,

3.  Awarding Defendants such other and further relief as this Court may deem just and proper.

Dated: Queens, New York
       June 4, 2025

Sacco & Fillas LLP,

By: _____/s/Clifford Tucker_____
    Clifford Tucker, Esq.
    *Attorneys for Defendants*
    31-19 Newtown Ave., 7th Floor
    Astoria, New York 11102
    Ph: 718-269-2243
    CTucker@SaccoFillas.com